## Stosso v. Prudential Insurance Company

*F. A. Ammon*, for plaintiff.
*Duff, Scott & Smith*, for defendant.

KENNEDY, P. J., October 9, 1934.—On September 13, 1927, the plaintiff brought an action in assumpsit against the defendant company before a justice of the peace, in which action judgment was entered against the defendant on September 23, 1927. From this judgment the defendant appealed on October 8, 1927, the appeal having been filed in this court on October 13th. On November 7th, the plaintiff filed his statement of claim. This was followed on November 23d, by a motion on the part of the defendant for rule to show cause why judgment should not be entered on the pleadings against the plaintiff. On December 17th, plaintiff was allowed 10 days to amend, otherwise rule for judgment absolute. On December 17th, plaintiff filed a supplemental statement of claim. On December 24th, the defendant obtained a rule upon the plaintiff to show cause why judgment should not be entered against the plaintiff on the pleadings, returnable December 31st.

No further action in the case was taken by either of the parties until June 8, 1934, when the plaintiff filed a motion to strike off the appeal for the reason that the affidavit of appeal was not signed, executed and sworn to by the appellant, his attorney or agent, at the time of taking such appeal.

Inspection of the record shows that C. Miller, attorney for the defendant, appeared before the magistrate on October 8, 1927, was duly qualified and deposed and said that the appeal entered in this case was not for the purpose of delay, and that if the appeal was not allowed appellant would be obliged to pay more money than was justly due. This was sworn to on October 8, 1927, before Magistrate George E. Levake, who certified that it was sworn to and subscribed on that day. The appeal, however, was not subscribed by the defendant or his counsel.

It appears from the record that this suit was entered on September 13, 1927. On December 24, 1927, defendant filed a motion to enter judgment in its favor on the pleadings in the case. The record does not show any further steps in the case until June 8, 1934, when plaintiff filed a motion to strike off the appeal because the affidavit of appeal was not signed by the appellant.

Aside from the question as to whether or not the appellant can at this late day amend his affidavit of appeal by subscribing his name thereto, it seems to us that the plaintiff, having allowed more than 6 years to elapse from the date of his filing the statement of claim before he filed his application to have the appeal stricken from the record because of an informality, has been neglectful and guilty of such laches as would bar him from taking advantage at this late date of a technicality, that he has waived his right to except to the form of the appellant's affidavit and that, therefore, the plaintiff's motion to strike off the appeal should be and is discharged.